UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DYLAN ANTHONY HRABIK,

        Plaintiff,

        v.                                      Case No. 20-C-669

CAROL KOPP and
JOHN DOE,

        Defendants.

## SCREENING ORDER

Plaintiff Dylan Anthony Hrabik, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's original complaint and directed Plaintiff to file an amended complaint curing the defects identified by the court. On June 12, 2020, Plaintiff filed an amended complaint. The court will now screen the complaint pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, during lunch on February 24, 2020, he was to be moved to the segregation unit at the Oconto County Jail. He held his arm out of the food trap of a secured cell door, and Carol Kopp, the Jail Administrator, instructed shift sergeant Rosenfeldt, who is not named as a defendant, to deploy his taser. When Sgt. Rosenfeldt took the taser out of his holster, Plaintiff said, "I am not doing anything aggressive, if you touch me with that taser, I will be filing a lawsuit." Dkt. No. 11 at 2. Kopp ordered Sgt. Rosenfeldt to administer a "dry stun" on Plaintiff's arm. Upon impact, Plaintiff's involuntary muscle movement caused him to cut multiple fingers on the sharp edges of the trap door. Plaintiff began bleeding and received medical attention. He

2

asserts that the use of excessive force and his movement to segregation was in retaliation for "attempting to file a separate complaint." *Id.* at 3.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts Kopp violated his constitutional rights when she directed Sgt. Rosenfeldt to use excessive force against Plaintiff for no legitimate reason. The Supreme Court has held that the core judicial inquiry in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Based on the allegations contained in the amended complaint, in particular, the allegation suggesting that Plaintiff was doing nothing improper, Plaintiff may proceed on his claim that Kopp directed or encouraged Rosenfeldt to use excessive force against him.

Plaintiff also asserts the defendants retaliated against him. To state a claim of First Amendment retaliation, a plaintiff must allege that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). As an initial matter, Plaintiff has not alleged that he engaged in activity protected by the First Amendment; he only alleges that he attempted to file a complaint. In addition, Plaintiff does not explain how his alleged activity triggered the defendants' adverse

3

action.  Accordingly, his retaliation claim will be dismissed.  Plaintiff names "John Doe" as a defendant, but the complaint does not contain any allegations against him.  Therefore, John Doe will be dismissed as a defendant.  The court finds that Plaintiff may proceed on his claim that Kopp directed or encouraged Rosenfeldt to use excessive force against him.

**IT IS THEREFORE ORDERED** that John Doe is dismissed as a defendant.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.  Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.  The court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that copies of the amended complaint and this order be sent to the administrator of the Oconto County Jail, as well as to the Oconto County Sheriff, and the Oconto County Corporation Counsel.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.  The Prisoner E-Filing Program is mandatory for all

4

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 18th day of June, 2020.

>s/ William C. Griesbach
>William C. Griesbach, District Judge
>United States District Court