UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DYLAN ANTHONY HRABIK,

    Plaintiff,

    v.        Case No. 20-C-669

CAROL KOPP,

    Defendant.

## DECISION AND ORDER

Plaintiff Dylan Anthony Hrabik, who is currently serving a state prison sentence at Green Bay Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated while he was in custody at the Oconto County Jail. More specifically, Hrabik asserts that, on February 24, 2020, Defendant Carol Kopp, the Oconto County Jail Administrator, directed or encouraged an officer to use excessive force against him by deploying a taser on his hand. This matter comes before the court on Kopp's motion for summary judgment based on Hrabik's failure to exhaust his administrative remedies. For the following reasons, Kopp's motion for summary judgment will be granted and the case will be dismissed.

## BACKGROUND

Because Hrabik did not respond to Kopp's proposed findings of fact, they are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). Hrabik was an inmate in the Oconto County Jail from October 15, 2019, to February 26, 2020. When Hrabik was booked into the Oconto County Jail, he acknowledged that he

reviewed the Oconto County Inmate Informational Handbook, which explains the Oconto County Jail Rules and Regulations. He received a copy of the Oconto County Jail Inmate Handbook on October 18, 2019.

The Oconto County Jail rules outline the specific procedures to be followed by jail inmates who wish to complain about the conditions of their confinement or abuse and harassment suffered while in the Oconto County Jail. The Oconto County Jail rules require that a jail inmate file either written grievances or electronic grievances regarding any concerns pertaining to any conditions of the inmate's confinement. Inmates are provided grievance forms upon request, even if they have access to a computer kiosk where they can file an electronic grievance. Oconto County Jail inmates placed into disciplinary segregation in receiving cells have access to grievance forms upon request and can submit those forms when complete. During Hrabik's incarceration in the Oconto County Jail, he filed numerous grievances relating to his concerns about his confinement.

On February 24, 2020, in response to repeated violations of the Oconto County Jail rules, Kopp determined that Hrabik would be moved from his assigned housing in Pod 5 to a receiving cell. Hrabik initially did not cooperate with the move to a receiving cell and did not comply with orders to place his hands behind his back to be handcuffed until Corrections Sergeant Rosenfeldt unholstered his taser. Upon hearing the taser being unholstered, Hrabik complied with orders to permit the application of handcuffs. He was then escorted to Receiving Cell 6 in the segregation unit. Shortly after being placed in Receiving Cell 6, a lunch tray was delivered to Hrabik. After accepting the lunch tray, Hrabik put his arm through the trap door and refused to remove it. Hrabik was ordered to remove his arm from the trap door on several occasions, and he refused to comply with the repeated orders. A taser was used to apply an electric shock to Hrabik's arm. Hrabik then

jerked his arm through the trap door and suffered a small cut on his finger. A jail nurse was summoned to provide medical attention to Hrabik.

Hrabik remained in Receiving Cell 6 until his transfer out of the Oconto County Jail on February 26, 2020. Receiving Cell 6 is located approximately six feet from, and directly adjacent to, the continuously-staffed booking area. Inmates in receiving cells are able to verbally communicate with jail employees who are in the booking area or the shift sergeant who staffs the booking area if corrections officers are not present. During his time in Receiving Cell 6, Hrabik interacted with jail employees, but he neither requested grievance forms nor access to a computer kiosk to file an electronic grievance. A review of the Jail's records reveals that Hrabik did not file a grievance after February 21, 2020, and that he did not file a grievance regarding the February 24, 2020 incident.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence

3

of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Kopp asserts that this case should be dismissed because Hrabik failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(1); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). To comply with § 1997e(a), an inmate must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to permit the prison or jail's "administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Oconto County Jail has established policies and procedures for inmates to file a grievance or appeal. Under the policy, an inmate must submit either a written grievance or a grievance complaint on the Stellar kiosk system. An inmate filing a grievance must do so within five days of the date the incident occurred. Administration will respond to the grievance within ten working days of its receipt. If the grievance is denied, an appeal may be filed with the Jail Administrator within seven days of receiving the decision. Dkt. No. 30-2 at 9–10.

4

Hrabik never submitted a grievance to the Oconto County Jail regarding the incident that occurred on February 24, 2020. Hrabik asserts that he did not file a grievance because the grievance process was unavailable to him. He maintains that inmates in segregation are not permitted to have writing materials in their cells and that he was ultimately transferred to a different institution before the time to file a grievance had run. But it is undisputed that inmates in segregation have access to grievance forms upon request and can submit their form once it is complete. Hrabik has presented no specific evidence suggesting that he asked for a pen and a grievance form while he was in Receiving Cell 6 and that his request was denied, or that the process was otherwise unavailable to him. Although Hrabik asserts that his request to be moved to an isolated unit to get an hour out of his cell to use the kiosk was denied, he does not dispute that he never explicitly asked to use the kiosk to file a grievance. The PLRA requires that inmates fully exhaust and complete each step of the administrative grievance process before filing a lawsuit. *See* 42 U.S.C. § 1997e(1). Because Hrabik failed to exhaust his administrative remedies and has not shown that the administrative remedies were unavailable to him, his claim must be dismissed.

## CONCLUSION

For these reasons, Kopp's motion for summary judgment (Dkt. No. 27) is **GRANTED**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 4th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
